DeCollibus v Schimmel (2023 NY Slip Op 00372)

DeCollibus v Schimmel

2023 NY Slip Op 00372

Decided on January 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 26, 2023

Before: Friedman, J.P., Moulton, Kennedy, Pitt-Burke, JJ. 

Index No. 160127/19 Appeal No. 17180-17181 Case No. 2022 2967, 2022-03924 

[*1]Joan DeCollibus, Plaintiff-Appellant,
v
Barry Schimmel, Defendant-Respondent.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant.
Devitt Spellman Barrett, LLP, Smithtown (Scott Kreppein of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about January 20, 2022, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered August 11, 2022, which denied plaintiff's motion for leave to reargue, unanimously dismissed, without costs, as taken from a nonappealable paper.
During a game of fetch, defendant's dog, Lola, chased a ball onto a ring road in Central Park and collided with plaintiff while she was riding her bike. Plaintiff's complaint alleges a common-law negligence claim, and a claim for strict liability. Liability in this case is examined under the vicious propensity rule (Scavetta v Wechsler, 149 AD3d 202 [1st Dept 2017]). As such, the motion court properly dismissed plaintiff's common-law negligence claim, as such a claim is not recognized in this state, under these circumstances.
An owner is liable for the harm a domestic animal causes if the owner knew or should have known of its vicious propensities (see Collier v Zambito, 1 NY3d 444, 446 [2004]). Vicious propensities include any act that might endanger the safety of others and includes nondangerous proclivity but only if such proclivity results in the injury claimed (id. at 446-447; Scavetta, 149 AD3d at 206). Here, the record is devoid of any evidence that defendant knew or should have known that Lola had a propensity to enter roadways, chase cyclists, or otherwise interfere with traffic (see Smith v Reilly, 17 NY3d 895, 896 [2011] [finding no issue of fact existed where defendant testified the dog had never chased cars, bicycles, or pedestrians, or otherwise interfered with traffic]).
Plaintiff failed to raise an issue of fact in opposition, since Lola's history of barking at other dogs, pulling on her leash, inability to follow commands when distracted, and "stalking" other animals, are not behaviors that would put defendant on notice that Lola would collide with a cyclist during a game of fetch. A dog chasing a ball during a game of fetch is consistent with normal canine behavior (see Collier, 1 NY3d at 447).
As for plaintiff's motion for leave to reargue, an order denying reargument is not appealable, and the court in this case did not address the merits of the reargument
motion (CPLR 5701[a][2][viii]; 76th & Broadway, LLC v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 621, 621-622 [1st Dept 2019]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2023